IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**SARAH ISLAS**                                                                            **PLAINTIFF**

**v.**                  **NO. 3:22-cv-00019-KGB-PSH**

**KILOLO KIJAKAZI, Acting Commissioner of**        **DEFENDANT**
**the Social Security Administration**

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

In this case, plaintiff Sarah Islas ("Islas") maintains that the findings of an Administrative Law Judge ("ALJ") are not supported by substantial evidence on the record as a whole.[1] Islas so maintains for several reasons, one of which has merit. It is Islas' contention that the ALJ failed to adequately explain why the prior administrative medical findings relied upon by the ALJ are supported by, and consistent with, the record. The undersigned agrees, and a remand is therefore necessary.

Here, the ALJ found at step two of the sequential evaluation process that Islas has severe impairments in the form of diabetes mellitus, fibromyalgia, carpal tunnel syndrome, and obesity. With respect to Islas' diabetes mellitus, fibromyalgia, and obesity, the ALJ found the following:

> [...] Office treatment records from Arthritis and Rheumatism Associates show the assessments of antinuclear antibody (ANA) and chronic fatigue fibromyalgia syndrome. (Exhibit 3F/4). Office treatment records from ARCARE show the claimant being followed for Type 2 diabetes mellitus [...], with an A1c of 13.5% on March 8, 2020. This had lowered to 7.2% as of June 12, 2020 and her blood sugar on this date was 128. Her medications included Basaglar, Insulin, and Metformin. She complained of weight gain and these records show her chronic obesity, with a body mass index [...] of 35.7 on June 3, 2020 (Exhibit 6F/4, 11).

---

[1] The question for the Court is whether the ALJ's findings are supported by "substantial evidence on the record as a whole and not based on any legal error." See Sloan v. Saul, 933 F.3d 946, 949 (8th Cir. 2019).

See Transcript at 14. With respect to Islas' carpal tunnel syndrome, the ALJ made no specific finding at step two but did make the following finding at step three:

> [...] on June 29, 2017, an EMG/NCV study diagnosed bilateral carpal tunnel syndrome, moderate on the right, mild on the left (Exhibit 4F/57). Claimant underwent a left carpal tunnel release on October 3, 2018 (Exhibit 4F/53). The treatment notes states right hand however, claimant testified confidently that it was her left hand (Testimony and Exhibit 12F). Post-surgical visit revealed 5/5 motor strength in all extremities (Exhibit 4F/41).

See Transcript at 16.

The ALJ assessed Islas' residual functional capacity and found that Islas can perform a "range of light work." See Transcript at 16. The ALJ specifically found that appropriate treatment and medication compliance for Islas' diabetes mellitus have "significantly improved her condition, see Transcript at 18, and she has no vision-related functional limitations. The ALJ also found that Islas has not sought medical attention for her fibromyalgia since October of 2017, and her "lack of follow-up suggests that any fibromyalgia-related symptoms have not been as significant as alleged in connection with this application." See Transcript at 18. With respect to Islas' carpal tunnel syndrome, the ALJ found the following:

3

> [... Islas] said that she is unable to work because she is unable to lift or pick up items. However, she also said that surgery on her left hand helped (see Exhibit 4F/54)—that the numbness resolved but she currently has less grip strength in the left hand. Notably, she is right-handed. She also said that she has not had any treatment for her hands since October 2018 despite her pain complaints. She reported having medical insurance coverage, thus this lack of treatment suggests that her hand-related symptoms are not as significant as alleged. [...]

See Transcript at 17-18.[2]

The ALJ considered the prior administrative medical findings as a part of assessing Islas' residual functional capacity.[3] The ALJ identified two such findings that address Islas' physical limitations and found, in full, the following with respect to those findings:

> On July 31, 2020, Rosey Seguin-Calderson, M.D., a State agency medical consultant, assessed a residual capacity for light exertion (Exhibit 1A). This is persuasive because it is consistent with the evidence of record;
>
> [...]

---

[2]  The ALJ appears to have considered Islas' obesity as a part of reviewing her ability to perform activities of daily living.

[3]  A "prior administrative medical finding" is a finding about a medical issue made by an agency medical and psychological consultant at a prior level of review in the claimant's current claim based on the consultant's review of the evidence in the case, such as: the existence and severity of the claimant's impairments; the existence and severity of the claimant's symptoms; statements about whether the claimant's impairments meet or medically equal a listed impairment; the claimant's residual functional capacity; whether the claimant's impairments meets the duration requirement; and how failure to follow prescribed treatment and drug addiction and alcoholism relate to the claim. See 20 C.F.R. 404.1513(a)(5)(i)-(iv).

> On September 15, 2020, John Norcross, M.D., a State agency medical consultant, assessed a residual functional capacity for light exertion (Exhibit 5A). This is persuasive because it is consistent with the evidence of record;
>
> […]

See Transcript at 19.[4]

The ALJ is required to assess the claimant's residual functional capacity, which is a determination of the most she can do despite her limitations. See Brown v. Barnhart, 390 F.3d 535 (8th Cir. 2004). The ALJ must consider all the relevant medical evidence in making the assessment, including the opinions of any state agency medical consultants. See Lentz v. Kijakazi, No. 4:21-cv-643, 2022 WL 4355199 (E.D. Mo. Sept. 20, 2022).

20 C.F.R. 404.1520c(a) provides that the ALJ will not defer or give any specific weight to any medical opinion or prior administrative medical findings. See Phillips v. Saul, No. 1:19-cv-00034-BD, 2020 WL 3451519 (E.D. Ark. June 24, 2020). The ALJ will instead determine the persuasiveness of a medical opinion or prior administrative medical findings based on the following:

---

[4] The record contains other prior administrative medical findings, but they address Islas' mental and optical limitations. In addition, the record contains no medical opinions from other medical sources. See Docket Entry 9 at CM/ECF 7 ("The only medical opinions in the record were those of the state agency consultants.").

> [...] supportability; consistency; relationship with the claimant; specialization; and any other factor that tends to support or contradict a medical opinion. 20 C.F.R. 404.1520c(a), (c). ALJs are required to "explain" their decisions as to the two most important factors—supportability and consistency. 20 C.F.R. 404.1520c(b)(2). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" a medical opinion is with evidence from other medical and non-medical sources, the more persuasive the opinion should be. 20 C.F.R. 404.1520c(c)(1)-(2).

See Id. at 2.[5]

The reason the ALJ gave for crediting the prior administrative medical findings, i.e., they are consistent with the evidence of record, is a good reason for finding them persuasive. Although the ALJ need not provide great specificity in explaining why the findings are consistent with the evidence of record, the ALJ must offer something to support the reason. Here, the ALJ offered nothing. The reason is simply a boilerplate or blanket statement, which "will not do." See Lucus v. Saul, 960 F.3d 1066, 1069 (8th Cir. 2020) (ALJ's explanation need not be exhaustive, but boilerplate or blanket statements unacceptable).

---

[5] In Morton v. Saul, No. 2:19-cv-92-RLW, 2021 WL 307552, 7 (E.D. Mo. Jan. 29, 2021), a district court observed that as to the "supportability" factor, "an opinion is more persuasive if it presents more relevant objective medical evidence and explanatory rationale in support of the opinion." As to the "consistency" factor, the court observed that "an opinion is more persuasive if it is more consistent with the overall evidence as whole." See Id.

The Acting Commissioner of the Social Security Administration ("Commissioner") cites evidence in the record to support the reason given by the ALJ and would have the undersigned fill in the gaps of the ALJ's decision. The undersigned declines that invitation. Although the ALJ's treatment of the prior administrative medical findings may ultimately prove to be correct, it is the ALJ's responsibility in the first instance, not the responsibility of the Commissioner or undersigned, to identify the evidence supporting the ALJ's reason. Moreover, the failure to comply with the governing Social Security Administration regulations is more than a drafting issue; it is legal error. See Id.

Even were the undersigned inclined to fill in the gaps of the ALJ's decision, the undersigned would not do so because of a second problem. The ALJ did not consider the supportability of the prior administrative medical findings. In short, the ALJ made no mention of relevant objective medical evidence and explanatory rationale to support the findings.

Given the foregoing, a remand is warranted. The ALJ shall re-consider the prior administrative medical findings and, if necessary, send Islas for a consultative medical examination. If the ALJ is persuaded that the findings are supported by, and consistent with, the record, the ALJ shall explain why they are.

The Commissioner's final decision is reversed, and this case is remanded. The remand in this case is a "sentence four" remand as that phrase is defined in 42 U.S.C. 405(g) and <u>Melkonyan v. Sullivan</u>, 501 U.S. 89 (1991).

IT IS SO ORDERED this 24th day of January, 2023.

_____
UNITED STATES MAGISTRATE JUDGE